**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JERAMIE McGILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-09-373-D |
| | ) | |
| PAUL A. KASTNER, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jeramie McGill, a federal prisoner currently confined at the Oklahoma City Federal Transfer Center (FTC) and appearing *pro se*, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has moved for dismissal of this action on several alternative grounds. *See* Respondent's Motion to Dismiss (Motion) [Doc. #15]. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). It is recommended that Respondent's Motion be granted on the ground that Petitioner's action is moot.

**I.   Background**

Petitioner challenges the validity of a regulation promulgated by the Bureau of Prisons (BOP) in 2000. Commonly known as the "categorical exclusion rule," the regulation excluded all inmates convicted of offenses involving the carrying, possession, or use of a firearm from eligibility for sentence reduction under 18 U.S.C. § 3621(e). This statute makes an inmate convicted of a "nonviolent crime," who successfully completes a residential substance abuse program, eligible for sentence reduction of up to one year. *Id.* at (e)(2)(A)-

(B).[1] The BOP interpreted the statute in its regulation and determined that a crime involving the carrying, possession, or use of a firearm does not qualify as "nonviolent."

Relying on *Arrington v. Daniels*, 516 F3d 1106 (9th Cir. 2008), Petitioner contends that the BOP violated the Administrative Procedure Act (APA) by failing to articulate a sufficient rationale in the administrative record to support its categorical exclusion policy. *See Arrington* at 1116.[2]

After the Ninth Circuit's decision in *Arrington*, however, the BOP promulgated a new categorical exclusion rule. In the administrative record, the BOP specifically articulated the reasoning behind its decision to make inmates convicted of otherwise nonviolent offenses ineligible for early release if firearms were involved in the offense:

> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Id.* at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these

---

[1] Whether to grant an inmate early release was left to the discretion of the BOP.

[2] In *Arrington*, the Ninth Circuit Court of Appeals held that the BOP's categorical exclusion rule, which became effective in 2000, was arbitrary and capricious because the BOP failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release. *Id.* at 1116.

>inmates should not be released months in advance of completing their sentences.
>
>It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

74 Fed. Reg 1892, 1895 (Jan. 14, 2009). The new rule became effective on March 16, 2009, *see* 28 U.S.C. § 550.55, before Petitioner filed his § 2241 Petition on April 7, 2009. Nevertheless, it is the former rule which Petitioner is challenging in this action.[3]

## II. <u>Analysis</u>

Respondent contends that this action is moot because the challenged regulation is obsolete and will never be applied to determine Petitioner's eligibility for early release. This point is well-taken.

This Court has no subject matter jurisdiction over a case if it is moot. *See Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009). "Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual, ongoing cases or controversies." *Seneca-Cayuga Tribe of Oklahoma v.*

---

[3]The Court expresses no opinion as to the validity of the new regulation now in effect. That issue is not before this Court. Federal courts are precluded from deciding hypothetical cases. *See Green v. Haskell County Board of Commissioners*, 568 F.3d 784, 795 (10th Cir. 2009).

3

*National Indian Gaming Commission*, 327 F.3d 1019, 1028 (10th Cir. 2003) (internal quotations and alteration omitted).

"[M]ootness is a threshold inquiry."  *Green v. Haskell County Board Of Commissioners*, 568 F.3d 784, 794  (10th Cir. 2009) (*citing Navani v. Shahani*, 496 F.3d 1121, 1127 (10th Cir. 2007); *Citizens for Responsible Government State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (noting that "the court must determine whether a case is moot before proceeding to the merits")).  "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world."  *Id.*  (internal quotations and citations omitted).  A court's inability to grant effective relief renders an issue moot.  *See Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997).

In this case, Petitioner is challenging the BOP regulation which became effective in 2000 and obsolete when a new regulation went into effect in 2009.  The obsolete  regulation is no longer applicable to a determination of Petitioner's eligibility for early release.  Were this Court to find that the previous rule was invalid under the APA, the result would have no effect in the real world.  It is therefore recommended that Respondent's Motion to Dismiss be granted on the grounds that Petitioner's action is moot.

## **RECOMMENDATION**

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed as moot.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any objections should be filed with the Clerk of this Court by September 21st, 2009. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 31st day of August, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE